**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ANDREZ MADURA and
ANNA DOLINSKA-MADURA,

    Plaintiffs,

vs.                                        CASE NO.:8:07-cv-02274-T-17EAJ

LAKEBRIDGE CONDOMINIUM
ASSOCIATION INC., SENTRY
MANAGEMENT, INC., PORGES,
HAMLIN, KNOWLES, PROUTY,
THOMPSON & NAJAMY, P.A., and
DON WESTERHOFF

    Defendants.

_____/

**ORDER ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

This cause comes before the Court on Defendants' Motion for Judgment on the Pleadings filed November 24, 2008 and response thereto filed on December 17, 2008. For the reasons set forth below, Defendants' Motion for Judgment on the Pleadings is Granted with prejudice in part, as to Plaintiffs' allegations of violations of the Fair Debt Collections Practices Act as contained in Counts I-III and V-VI and Plaintiffs' allegations of Retaliation as contained in Count VII. Defendants' Motion for Judgment on the Pleadings is Granted without prejudice in part, as to Plaintiffs' allegations of violations of Florida's Consumer Collection Practices Act as contained in Counts I-III and V-VI, allegations of Slander of Title as contained in Count IV, and allegations of Intentional

Infliction of Emotional Distress as contained in Count VIII.  The dismissal of the State claims in Federal Court does not bar Plaintiffs' from refilling those claims in State Court.

**FACTUAL BACKGROUND**

Plaintiffs, Andrzej Madura and Anna Dolinska-Madura, are owners of a condominium unit at Lakebridge Condominium Association, located in Bradenton, Florida.  Defendant, Lakebridge Condominium Association Inc. ("Lakebridge"), is a nonprofit corporation located in Manatee County, Florida and the originator of the assessment debts in dispute.  Defendant, Sentry Management, Inc. ("Sentry"), is a property management company located in Longwood, Florida and was hired as the property manager for Lakebridge.  Defendant, Donald Westerhoff, is the President of Lakebridge Condominium Association.

Beginning in July 2007, Sentry sent a "Notice of Intent to File Lien" to Plaintiffs for alleged past due assessments owed to Lakebridge.  Included in the notice was a "Statement" of assessments owed to Lakebridge as of July 13, 2007.  On August 10, 2007, Plaintiffs sent a certified letter to Sentry demanding an explanation of the assessments and alleging a portion of the assessments charged had already been paid.  On August 23, 2007, Sentry sent a "Notice of Lien" and included a "Statement" of assessments from Lakebridge listing the assessments owed as of August 23, 2007.  On September 7, 2007, Sentry filed a lien with Manatee County, Florida in the amount of $12,111.50 against the Plaintiffs' condominium.  Both letters sent from Sentry to the Plaintiffs plainly state that Sentry is collecting assessments on behalf of Lakebridge and that Sentry is a "community association management" company.  All the "Statements" sent to the Plaintiffs plainly show they are from Lakebridge and list the address and telephone number.  Additionally, the "Statements" list the date, description, assessment amount, special assessment amount, interest amount and the total due.

On October 3, 2007 and October 8, 2007, letters were sent from Lakebridge's attorney, Porges, Hamlin, Knowles, Prouty, Thompson, & Najamy, P.A. ("Porges"), stating an intent to foreclose and included an amended claim of lien for past due assessments, costs, and fees. The amended claims of lien were for $14,627.03 and $14,939.72, respectively. Porges was originally included as a defendant in this action but charges were dismissed pursuant to a motion to dismiss that was granted on June 4, 2008.

Plaintiffs' allegations of misconduct are outlined in an eight count Amended Complaint. These include: (1) violations of the Fair Debt Collections Practices Act, (2) violations of Florida Consumer Collection Practices Act, (3) claims of retaliation in violation of 42 U.S.C. § 1983 (2006), (4) claims for slander of title, and (5) claims for Intentional Infliction of Emotional Distress.

**STANDARD OF REVIEW**

After the close of the pleadings, any party may move for judgment on the pleadings if trial is not delayed. Fed.R.Civ.P. 12(c). Judgment on the pleadings is appropriate where the moving party clearly establishes that the parties dispute no material facts and that the moving party is entitled to judgment as a matter of law. Scott v. Taylor, 405 F.3d 1251, 1253 (11th Cir. 2005) (citation omitted). The court must accept the allegations in the complaint as true and view them in the light most favorable to the non-moving party. See Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir.1998) (citations omitted).

A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim upon which relief may be granted. See id. Until the recent Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167

L.Ed.2d 929 (2007), courts routinely followed the rule that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In abrogating Conley, however, the Twombly Court stated that to survive a motion to dismiss a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S.Ct. at 1974. Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. Dismissal of a complaint is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, a dispositive legal issue exists that precludes relief. Neitzke v. Williams, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (citations omitted).

**DISCUSSION**

I.   Plaintiffs' Claims Under the FDCPA

Defendants seek to have Plaintiffs' claims under the Fair Debt Collections Practices Act (FDCPA), codified in 15 U.S.C. § 1692 (2006), dismissed because Plaintiffs' Amended Complaint fails to state any viable claims against Lakebridge, Sentry, and Donald Westerhoff.

In order to prevail on a FDCPA claim, a plaintiff must show that the defendant is a debt collector and that the defendant engaged in some sort of act or omission prohibited by the FDCPA in attempting to collect a consumer debt from the plaintiff. See Rivera v. Amalgamated Debt Collection Servs., Inc., 462 F. Supp. 2d 1223, 1227 (S.D. Fla. 2006). The FDCPA defines the term "debt collector" as "any person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly,

debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). However, the term debt collector does not include (A) "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor"; or (F) "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such persons. . ." 15 U.S.C. § 1692a (6)(A)&(F).

Lakebridge is the Plaintiffs' "creditor", which is defined by the FDCPA as "any person . . . to whom a debt is owed." 15 U.S.C. § 1692a(4). "[C]reditors are generally not considered to be 'debt collectors' subject to the act unless the debt collector is also the assignee of the debt." Azar v. Hayter, 874 F. Supp. 1314, 1319 (N.D. Fla. 1995). The undisputed facts show Lakebridge is the originator of the debts owed by the Plaintiffs pursuant to the Declaration of Condominium contract. As a creditor attempting to collect its own debt, Lakebridge is not subject to the FDCPA and all Plaintiffs' claims against Lakebridge based on violations of the FDCPA, Counts I-III and Counts V-VI must fail.

Sentry is a property management company acting pursuant to its Management Services Agreement. Sentry had a contractual obligation and a fiduciary duty to collect both current and past due assessments from members of Lakebridge Condominium Association, as well as other property management duties. In Reynolds v. Gables Residential Servs., Inc., 428 F. Supp. 2d 1260, 1264 (M.D. Fla. 2006), this Court held a rental property management company was not a 'debt collector' within the meaning of the term in the FDCPA. A property management company has not only a right but a fiduciary obligation to collect fees from association members

and the collection of fees are not payable to the property manager as a debt collector but as a manager of the property.  Id.   Therefore, the Court finds that Defendant Sentry falls within the statutory exception to the definition of "debt collector" as "any person collecting or attempting to collect a debt . . . to the extent such as activity is incident to a bona fide fiduciary obligation . . ." 15 U.S.C. § 1692a(6)(F)(i).  As a result, Plaintiffs' claims against Sentry for the violation of the FDCPA under Count I must fail.

Donald Westerhoff, as President of the Lakebridge Condominium Association, is an officer of Lakebridge.  As an officer of the creditor, Mr. Westerhoff is excluded from the definition of debt collector in the FDCPA.  See 15 U.S.C. § 1692a(6).

The Court has considered whether Sentry would have been liable for violating the FDCPA had it been a debt collector and has decided that it would not.

II.     Plaintiffs' Claim of Retaliation

Plaintiffs' allege that Lakebridge and Mr. Westerhoff retaliated against them in violation of the First Amendment of the United States.  To maintain an action under 42 U.S.C. § 1983 (2006), Plaintiffs' must prove two elements: (1) that he was deprived of "rights, privileges, or immunities" protected by the Constitution or federal law; and, (2) that the deprivation was caused by a person acting under color of law. Koff v. Butterworth, 765 F. Supp. 716, 717 (M.D. Fla. 1991).  In order to prevail on a retaliation claim against a private party, "the plaintiff must establish state action by showing that the private party acted together with, or obtained significant aid from, state officials or that [the] conduct is otherwise attributable to the state."

Mann v. Hillsborough County Sheriff's Office, 946 F. Supp. 962, 966 (M.D. Fla. 1996).  Merely submitting liens to the County Clerk for recording is not considered action attributable to the state or evidence of aid from the state.  See Edison v. Arenas, 910 F. Supp. 609, 613 (M.D. Fla. 1995) (holding "[i]f a state merely allows private litigants to use its court, there is no 'state action' within the meaning of section 1983, unless there is some corruption of judicial power by the private litigant').  Therefore, Plaintiffs' claims of retaliation in Count VII against Defendants, Lakebridge and Mr. Westerhoff, must fail.

III. Plaintiffs' Claims that Violations of the FDCPA Violate the FCCPA

Plaintiffs' claim Fla. Stat. §559.552 of the Florida Consumer Collection Practices Act ("FCCPA") make any violation of the FDCPA a violation of the FCCPA.  "The Florida Consumer Collection Practices Act provides that it is not to be construed to limit or restrict the applicability of the FDCPA. Instead, its remedial provisions are in addition to the requirements and regulations of the federal act."  LeBlanc v. Unifund CCR Partners, G.P., 552 F. Supp. 2d. 1327, 1332 (M.D. Fla. 2008).  Therefore, Plaintiffs' claims under the FDCPA for violation of the FCCPA must fail as contained in Count II.

IV. Plaintiffs' State Claims

While a federal district court could retain jurisdiction over a state law claim after dismissal of the federal component, the court has discretion to decline to do so. 28 U.S.C. § 1367(a) (2006). Section 1367(c) gives a court discretion to dismiss a supplemental claim or party when "the

district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Plaintiffs' State claims under the Florida Consumer Collections Practices Act, Slander of Title, and Intentional Infliction of Emotional Distress are hereby dismissed without prejudice, as the court declines to retain jurisdiction over the State claims. Accordingly, it is

**ORDERED** that the Defendants' motion for judgment on the pleadings be **granted** as to Lakebridge and Sentry in Counts I, II, III, V, and VI for violations under the Fair Debt Collections Practices Act. Defendants' motion for judgment on the pleadings is granted as to Lakebridge and Mr. Westerhoff in Count VII for violation of retaliation under 42 U.S.C. § 1983. The Clerk of the Court is directed to enter judgment for all defendants and to close this case and terminate all other pending motions.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 3rd day of March, 2009.

*[signature]*
ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.