**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ANDREZ MADURA, and
ANNA DOLINSKA-MADURA,

      Plaintiffs,

vs.                           CASE No. 8:07-cv-02274-T-17EAJ

LAKEBRIDGE CONDOMINIUM
ASSOCIATION, INC., SENTRY
MANAGEMENT, INC., PORGIS,
HAMLIN, KNOWLES, PROUTY,
THOMPSON & NAJAMY, P.A., and
DON WESTERHOFF,

      Defendants.
_____/

**ORDER REMANDING TO MAGISTRATE JUDGE**

      This case is before the Court on Plaintiffs' Objections to the United States Magistrate Judge's Report and Recommendation (Dkt. 65) denying Plaintiffs' request to proceed in *forma pauperis* on appeal. In their objections, Plaintiffs petition the Court to reject the Report and Recommendation of the United States Magistrate Judge Elizabeth A. Jenkins (Doc. 64), issued on April 21, 2009.

      Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure and Rule 6.02 of the Rules of the United States District Court for the Middle District of Florida, parties have ten (10) days after service of the Report and Recommendation ("R&R") to file written objections to the

proposed findings and recommendations or be barred from attacking the factual findings on appeal. Plaintiff's written objections were filed on May 6, 2009.

## I.   FACTS

On April 21, 2009, Magistrate Judge Jenkins recommended that this Court prevent the Plaintiffs from proceeding in *forma pauperis* on appeal because Plaintiffs failed to identify any basis upon which to appeal in Plaintiffs' Motion to Proceed in *Forma Pauperis* on Appeal (Dkt 62). In Plaintiffs' Objections to the Report and Recommendation, Plaintiffs argue that (A) pursuant to Federal Rule of Appellate Procedure 24(a)(3), the Magistrate erroneously concluded that Plaintiffs were required to articulate a basis for appeal, (B) if Plaintiffs were required to articulate a basis for appeal, the Magistrate erred by not allowing the Plaintiffs an opportunity to articulate a basis for appeal before recommending that this Court deny Plaintiffs' motion to proceed in *forma pauperis* on appeal, and (C) had Plaintiffs been given the opportunity to articulate a basis for appeal, Plaintiffs would have argued that the District Court improperly considered the Management Service Contract, the authenticity of which was disputed, in violation of established law governing motions for judgment on the pleadings.

## II.   STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes specific written objections to an R&R, the district court shall review the specified determinations *de novo*. 28 U.S.C. § 636(b)(1) (cited by *U.S. v. Raddatz*, 447 U.S. 667, 673 (1980); *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990)). After such review, the judge may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Additionally, the judge may receive further evidence or recommit the matter to the magistrate judge with instructions. *Id.*

## III. ANALYSIS

Plaintiffs object to the Magistrate Judge's R&R and ask that this Court reverse and allow Plaintiffs to proceed in *forma pauperis* on appeal of this Court's Order on Defendants' Motion for Judgment on the Pleadings (Dkt 57) as set out above. For the following reasons, this Court **REMANDS** to the Magistrate Judge for reconsideration.

1. This Court should reject the Magistrate Judge's recommendation because the Plaintiffs were not required to articulate a basis upon which to proceed in *forma pauperis* on appeal under Federal Rule of Appellate Procedure 24(a)(3).

The Plaintiffs erroneously challenge the Magistrate Judge's conclusion that Plaintiffs were not required to articulate a basis upon which to proceed in *forma pauperis* on appeal. The plain language of Federal Rule of Appellate Procedure 24(a)(3) gives the Magistrate Judge the authority to deny a party from proceeding in *forma pauperis* on appeal if the Magistrate Judge finds that the party's appeal is "not taken in good faith" or that the party is "not otherwise entitled to proceed in *forma pauperis*." Fed. R. App. P. 24(a)(3).

First, the Magistrate Judge properly concluded that the appeal was not made in good faith because Plaintiffs failed to give any basis for Plaintiffs' appeal. It would be difficult to find meaning in the good faith requirement of 24(a)(3) if the requirement did not require that a plaintiff articulate a basis for appeal. If Plaintiffs' argument were the rule, rather than appeal on a particular basis that would plainly show bad faith, a plaintiff could circumvent the good faith requirement by merely not mentioning a particular basis upon which to appeal. Obviously then, the rule implicitly requires that a plaintiff articulate a basis for appeal and that the basis alleged be asserted in good faith. In summary, in order to proceed in *forma pauperis* on appeal, a plaintiff must state a basis for appeal; otherwise, the court has nothing upon which to review for good faith.

Second, the broad statutory language of 24(a)(3), "or finds that the party is not otherwise entitled to proceed," shows that Congress clearly intended for the Magistrate Judge to have broad discretion in blocking a plaintiff from proceeding in *forma pauperis* on appeal. Moreover, the Magistrate Judge followed the express language of 24(a)(3)'s requirement that the Magistrate "state[] in writing its reasons for the certification." The Magistrate Judge clearly stated that Plaintiffs failed to articulate any basis for Plaintiffs' appeal and, therefore, Plaintiffs did not in good faith file their appeal.

2. This Court should reject the Magistrate Judge's recommendation because the Magistrate Judge should have given Plaintiffs an opportunity to articulate a basis before the Magistrate Judge recommended that this Court deny Plaintiffs' motion to proceed in *forma pauperis* on appeal.

Plaintiffs correctly state that the Magistrate Judge's R&R was issued without an opportunity to amend their motion, which would have given Plaintiffs an opportunity to articulate a basis for appeal. It is firmly established in the Eleventh Circuit that courts should give leniency to *pro se* litigants. *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Plaintiffs here are *pro se* litigants and, as a result, are entitled to some leniency. The Magistrate Judge could have given Plaintiffs an opportunity to amend their motion to proceed in *forma pauperis* on appeal.

3. This Court should reject the Magistrate Judge's recommendation because the District Court improperly considered the Management Service Contract, the authenticity of which was disputed, in violation of established law governing motions for judgment on the pleadings.

First, Plaintiffs challenge the Magistrate Judge's R&R as erroneous insofar as the R&R failed to recognize an issue exists for appeal regarding whether the District Court improperly considered the Management Service Contract in granting Defendant's Motion for Judgment on the Pleadings (Dkt. 50). Contrary to Plaintiffs' contention, the leniency afforded pro se litigants "does not give a court license to serve as *de facto* counsel for a party." *GJR Investments, Inc.,*

132 F.3d at 1369. Plaintiffs are fully responsible for making their own legal arguments, which Plaintiffs failed to do in their Motion to Proceed in *Forma Pauperis* on Appeal. Therefore, the Magistrate Judge did not err in reommending denial of Plaintiffs' Motion to Proceed in *Forma Pauperis* on Appeal, bearing in mind that the Magistrate Judge could have given Plaintiffs an opportunity to amend their motion before dismissing Plaintiffs' case.

Second, Plaintiffs argue that the District Court improperly relied upon the Management Service Contract, the authenticity of which is disputed, in granting Defendant Sentry's Motion for Judgment on the Pleadings. When ruling on a motion for judgment on the pleadings, the Eleventh Circuit has held that additional documents may be considered without converting the motion to a motion for summary judgment, but only if the additional documents are (1) central to the plaintiff's claim and (2) undisputed. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). Plaintiffs now dispute the authenticity of the Management Service Contract. In light of Plaintiffs' newly developed contention, this Court remands to the Magistrate Judge for reconsideration of Plaintiffs' request to proceed in *forma pauperis* on appeal. Accordingly, it is:

**ORDERED** that the Report and Recommendation (Dkt. 64) be upheld insofar as Plaintiffs failed to articulate a basis upon which to appeal and insofar as the Magistrate Judge

should have given Plaintiffs an opportunity to articulate a basis. Plaintiffs' Motion to Proceed in *Forma Pauperis* on Appeal (Dkt. 62) is therefore **REMANDED** to the Magistrate Judge for reconsideration of the motion in light of Plaintiffs' dispute of the Management Service Contract.

. **DONE and ORDERED** in Chambers, in Tampa, Florida, this 15th day of June, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record